UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PRESTON J. WILKINS, | |
| Petitioner, | |
| v. | CAUSE NO. 3:20-CV-911-MGG |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Preston Wilkins, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (WCC-20-3-243) at the Westville Correctional Facility in which hearing officers found him guilty of possession of an intoxicating substance in violation of Indiana Department of Correction Offense 231. Following a disciplinary hearing, he was sanctioned with a loss of seventy days earned credit time and a demotion in credit class.

Wilkins argues that he is entitled to habeas relief because he received a second hearing on the charge following his appeal of the first hearing. He contends that the second hearing constituted a violation of his rights under the Double Jeopardy Clause. "[T]he Double Jeopardy Clause bars retrial following a court-decreed acquittal." *Evans v. Michigan*, 568 U.S. 313, 318 (2013). The record indicates that the hearing officers found him guilty at the first hearing rather than acquitting him or finding insufficient evidence to support a finding of guilty. Further, "double jeopardy protections do not attach in prison disciplinary proceedings." *Portee v. Vannatta*, 105 F. App'x 855, 858 (7th Cir. 2004); *see also Decker v. Bell*, 772 F. App'x 339, 341 (7th Cir. 2019); *Meeks v. McBride*, 81

F.3d 717, 722 (7th Cir. 1996). Therefore, the argument that the second hearing subjected Wilkins to double jeopardy is not a basis for habeas relief.

Wilkins argues that he is entitled to habeas relief because he was not allowed to present witnesses or documentary evidence. To satisfy procedural due process, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.*

At screening, Wilkins requested a statement from a fellow inmate, a statement from "Ms. Walker," and a video recording of the incident described in the conduct report. ECF 10-5. Correctional staff provided the statement from the inmate. ECF 10-8. However, they did not produce the statement from Ms. Walker because they were unable to locate a staff member by that name, and the video recording of the incident was unavailable. ECF 10-5. Because correctional staff had a reasonable basis to deny these evidentiary requests, this claim is not a basis for habeas relief.

Wilkins argues that he is entitled to habeas relief because the hearing officers were not impartial decisionmakers because they had already found him guilty at the first hearing. In the prison disciplinary context, adjudicators are "entitled to a

2

presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id.* The record contains no indication that the hearing officers were personally involved in the incident described by the conduct report. Further, though the hearing officers may have found Wilkins guilty at another hearing, adverse rulings alone are insufficient to demonstrate improper bias. *Thomas v. Reese*, 787 F.3d 845, 849 (7th Cir. 2015). As a result, the claim of improper bias is not a basis for habeas relief.

Because Wilkins has not asserted a valid claim for habeas relief, the habeas petition is denied. If Wilkins wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Preston J. Wilkins leave to proceed in forma pauperis on appeal.

SO ORDERED this May 5, 2021.

s/Michael G. Gotsch, Sr.  
Michael G. Gotsch, Sr.  
United States Magistrate Judge